original

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE
CHATTANOOGA DIVISION

FILED
JUN 28 2013
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

| | |
|---|---|
| DOUGLAS L. CAMPBELL,<br>Plaintiff,<br><br>vs.<br><br>SMG PROPERTIES, INC., SOUTHERN<br>MANUFACTURING GROUP, INC., and<br>RAY JONES,<br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:13-cv-219<br>)  JURY DEMAND<br>)<br>)<br>)<br>) |

FILED
JUN 28 '13
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Mattie Carter

## COMPLAINT

### Jurisdiction and Venue.

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1367 (supplemental jurisdiction) & 1343(a)(4) (civil rights jurisdiction). This is an action authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). Plaintiff also invokes this Court's pendant and supplemental jurisdiction and brings these claims under the Tennessee Human Rights Act ("THRA"), T.C.A. §§ 4-21-101 et seq.

2. The unlawful employment practices alleged in this Complaint were committed in Warren County in the Eastern District of Tennessee.

### Parties.

3. Plaintiff Douglas L. Campbell is an adult male citizen of the United States of America and a resident of McMinnville, Warren County, Tennessee.

4. Defendant SMG Properties, Inc. ("SMG") is a for-profit corporation organized and existing under the laws of the State of Tennessee, is qualified to do business in the State of

1

Tennessee, has its principal office at 7693 Manchester Hwy, Morrison, Tennessee, and does business at 7693 Manchester Hwy, Morrison, Warren County, Tennessee.

5. SMG is an "employer" within the meaning of 29 U.S.C. § 630(b) in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under the ADEA.

6. At all times pertinent to the events alleged herein, SMG was an "employer" within the meaning of T.C.A. § 4-21-102(5) and T.C.A. § 4-21-401.

7. At all times pertinent to the events alleged herein, SMG was a "person" within the meaning of T.C.A. § 4-21-102(14); T.C.A. § 4-21-301; and T.C.A. § 4-21-401.

8. Defendant Southern Manufacturing Group, Inc. ("Southern") is a for-profit corporation organized and existing under the laws of the State of Tennessee, is qualified to do business in the State of Tennessee, has its principal office at 7693 Manchester Hwy, Morrison, Warren County, Tennessee, and does business at 7693 Manchester Hwy, Morrison, Tennessee.

9. Southern is an "employer" within the meaning of 29 U.S.C. § 630(b) in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under the ADEA.

10. At all times pertinent to the events alleged herein, Southern was an "employer" within the meaning of T.C.A. § 4-21-102(5) and T.C.A. § 4-21-401.

11. At all times pertinent to the events alleged herein, Southern was a "person" within the meaning of T.C.A. § 4-21-102(14); T.C.A. § 4-21-301; and T.C.A. § 4-21-401.

12. Ray Jones ("Jones") is an individual adult citizen and upon information and belief is a resident of Morrison, Warren County, Tennessee.

13. Jones is a "person" within the meaning of T.C.A. § 4-21-102(14) and T.C.A. § 4-21-301.

14. Jones is the Registered Agent for both SMG and Southern.

15. Upon information and belief, Jones is the President and sole shareholder for both SMG and Southern.

16. SMG and Southern constitute either a "single employer" or a "joint employer" under the single-employer and joint-employer doctrines governing numerosity requirements for filing an action for age discrimination under the laws of the United States of America and the State of Tennessee.

**Administrative Procedures.**

17. Plaintiff timely filed a charge of discrimination against Defendant SMG with the Tennessee Human Rights Commission ("THRC") on or about December 19, 2012.

18. On or about May 16, 2013, Plaintiff received from the Equal Employment Opportunity Commission ("EEOC") a "Notice of Right to Sue" entitling him to commence this action against Defendant SMG within ninety (90) days of his receiving that notice.

19. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action. Neither the State of Tennessee nor Rutherford County nor the City of LaVergne or Smyrna has a law prohibiting the unlawful employment practices alleged in this Complaint under which Plaintiff was obliged to make a complaint or charge other than the charge he has made.

**Factual Allegations.**

20. Defendant Jones operates a flow control and valve products business (the "Business") with a place of business in Morrison, Warren County, Tennessee.

21. The Business is described on the internet web site "www.smg-global.com."

22. SMG and Southern are both a part of the Business.

23. Plaintiff, a male over the age of 40, became employed in the Business in or around January of 2003.

24. During the course of his employment, Plaintiff received paychecks from both SMG and Southern.

25. On September 27, 2012, Plaintiff received a Separation Notice from SMG indicating that Plaintiff was laid off for "lack of work." A true and correct copy of the Separation Notice is attached to this Complaint as Exhibit 1.

26. Jones signed the Separation Notice as President of SMG.

27. At the time he was laid off, Plaintiff was 61 years old.

28. At the time he was laid off, Plaintiff was fully qualified to do his job and had been doing his job competently for almost ten years.

29. During his time of employment, Plaintiff was an exemplary employee.

30. Shortly after Plaintiff's layoff, in fact almost immediately thereafter, the Business hired another employee who was under 40 years old, substantially younger than Plaintiff, and who took over Plaintiff's job duties.

31. Plaintiff was not offered any of the jobs that were given to younger workers.

32. The actions of Defendants were intended, upon information and belief, to discriminate against Plaintiff because of his age.

**First Count.**

33. Plaintiff believes, and thus avers, that the effect of the Defendants' unlawful employment practice has been to discriminate and retaliate against him in ways which jeopardize

4

and tend to deprive him of employment opportunities and otherwise adversely affect his status as an employee because of his age in violation of the ADEA; and Plaintiff, a victim of such practices because of his age, is now and will continue to be unlawfully deprived of income in the form of wages and of prospective retirement benefits, seniority, Social Security benefits, insurance coverage and other monetary and non-monetary benefits due to him in sums to be proved at trial, and has suffered shame, humiliation, embarrassment, and mental anguish as a proximate result of the conduct of Defendants.

34. Plaintiff has no plain, adequate or complete remedy at law to correct the Defendants' unlawful employment practices, and the injunctive and other equitable relief he seeks is his only means of securing full relief from these practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

35. Plaintiff believes, and thus avers, that the Defendants engaged in discriminatory and retaliatory practices intentionally or with malice, or with reckless indifference to the Plaintiff's federally protected rights.

### Second Count.

36. Plaintiff realleges the foregoing and incorporates the same by this reference as though fully set forth herein.

37. Defendants have violated Plaintiff's rights under the THRA.

### Third Count.

38. Plaintiff realleges the foregoing and incorporates the same by this reference as though fully set forth herein.

39. Defendant Jones either aided, abetted, incited, compelled, or commanded an employer to engage in age discrimination and thereby violated Plaintiff's rights under T.C.A. § 4-21-301 of the THRA.

**WHEREFORE**, Plaintiff prays that this Court:

(i) declare that the employment practices complained of in this Complaint are unlawful in that they violate the ADEA and/or the THRA;

(ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of the ADEA and/or the THRA;

(iii) order the Defendant to make the Plaintiff whole by compensating him with full back pay, front pay, and reimbursement for all loss of pension, retirement, Social Security, insurance and other monetary and non-monetary benefits, and compensatory and punitive damages, all in amounts to be proved at trial;

(iv) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance;

(v) order the Defendant to pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in the ADEA and jurisprudence thereunder, and the THRA and jurisprudence thereunder, in connection with this action; and

(vi) grant such other and further or different relief to the Plaintiff as the Court deems just and proper.

/s/ Jerry E. Farmer
Jerry E. Farmer, BPR# 017180
Attorney for Plaintiff
1535 W. Northfield Blvd. #8
Murfreesboro, Tennessee 37129
(615) 893-4020

Plaintiff demands a trial by jury of all issues triable of right by a jury.

/s/ Jerry E. Farmer
Jerry E. Farmer